STATE v. WILLIAM K. SAVER.

205 N. W. 2d 508.

March 16, 1973—No. 43780.

*Thomson, Wylde & Nordby* and *Jack S. Nordby,* for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, *Jerome Kluck,* County Attorney, and *George L. May,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, convicted of three counts of unlawful possession of controlled substances, Minn. St. 152.09, subd. 1(2), and 152.15, subd. 2, contends on this appeal from the judgment of conviction that the trial court erred in admitting into evidence the marijuana, hashish, and amphetamines which police found when, acting pursuant to a search warrant authorizing a nighttime search, they searched the trunk of

defendant's car at 4:30 a. m. on August 13, 1971. Specifically, defendant contends (1) that the affidavit in support of the application for the search warrant, based as it was on an unidentified informer's tip, did not contain sufficient underlying facts and circumstances to enable the magistrate to judge for himself whether the police had probable cause to search the car; and (2) that the affidavit did not contain the necessary factual showing to justify the provision in the warrant authorizing a nighttime search.

State v. Daniels, 294 Minn. 323, 200 N. W. 2d 403 (1972), which discusses the relevant United States Supreme Court cases in detail, controls our disposition of the first issue. The affidavit in that case, which we held to be sufficient, stated that an unidentified informer who had previously given information resulting in narcotics arrests and convictions had seen the defendant sell drugs, had seen heroin on the defendant's person, and had seen heroin at the defendant's residence within the past 48 hours. The affidavit in this case stated that a few hours earlier, between midnight and 1 a. m. on August 13, 1971, an unidentified informer who had on many occasions given information which had proved to be reliable had seen defendant selling drugs from the trunk of his car at a certain location. Daniels compels us to hold this affidavit sufficient. Here, as in Daniels, the affidavit stated that the informant had obtained his knowledge in a reliable manner, namely, through recent personal observation. And here, as in Daniels, the affidavit stated that the informant was credible in that previously he had given information that had proved reliable.

With respect to the second issue, involving the application of Minn. St. 626.14, see State v. Van Wert, 294 Minn. 464, 199 N. W. 2d 514 (1972). We conclude here, as we did in that case, that the affidavit contained the necessary factual showing required by the statute to justify the inclusion of a nighttime search provision in the warrant.

Affirmed.